No. 74-793. MARKS ET AL. *v.* LEIS, PROSECUTOR OF HAMILTON COUNTY, ET AL. Appeal from D. C. S. D. Ohio. Judgment vacated and cause remanded for further consideration in light of *Sosna* v. *Iowa,* 419 U. S. 393 (1975), and *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975).

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Nuisance proceedings were begun against appellants in Ohio courts on the theory that the some of the books sold in a bookstore on premises owned by one appellant and leased by the others were obscene, and that the bookstore was therefore a nuisance. The Ohio statutory scheme underlying these nuisance proceedings is outlined in *Huffman* v. *Pursue, Ltd.,* 420 U. S. 592 (1975).

---

*MR. JUSTICE DOUGLAS took no part in the consideration or decision of cases in which orders hereinafter reported were announced on this date, with the exception of No. 74-903, *Dyke* v. *Georgia, infra,* p. 952.

Appellants filed suit in Federal District Court while the state proceedings were pending seeking injunctions against the state proceedings. The parties agreed not to go forward with the state-court proceedings until the Federal District Court litigation was completed. The federal court refused to enjoin the state proceedings, because it believed that Ohio could treat as a nuisance and close for a year a bookstore which sold some obscene materials, without running afoul of the constitutional proscriptions against prior restraint of materials protected by the First Amendment.

A similar issue was presented on the merits in *Huffman, supra.* However, the Court refused to pass on the merits, because it believed that the federal court was barred from intervening in the state proceedings. The Court now remands this case for further consideration in light of *Huffman, supra,* and *Sosna* v. *Iowa,* 419 U. S. 393 (1975). But I think it clear that even if *Huffman* was correctly decided, see 420 U. S., at 613 (BRENNAN, J., dissenting), it does not govern this case. Here, the prosecuting authorities expressly agreed to submit to federal-court jurisdiction, and they do not in this Court argue that the District Court could not have enjoined the state proceedings even if it believed them unconstitutional. Thus, any reliance on the principles of *Younger* v. *Harris,* 401 U. S. 37 (1971), has been waived. See *Sosna* v. *Iowa, supra,* at 396 n. 3.

I need not reach the question of whether the Ohio scheme constitutes an impermissible prior restraint upon books never judicially determined to be obscene, because I believe that suppression even of specific books adjudicated obscene in nuisance proceedings is unconstitutional.

Ohio defines obscenity as follows:

"(A) Any material or performance is 'obscene' if,

when considered as a whole and judged with reference to ordinary adults, any of the following apply:

"(1) Its dominant appeal is to prurient interest;

"(2) Its dominant tendency is to arouse lust by displaying or depicting nudity, sexual excitement, or sexual conduct in a way which tends to represent human beings as mere objects of sexual appetite;

"(3) Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

"(4) It contains a series of displays or descriptions of nudity, sexual excitement, sexual conduct, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient interest, when the appeal to such interest is primarily for its own sake or for commercial exploitation, rather than for a genuine scientific, educational, sociological, moral, or artistic purpose." Ohio Rev. Code Ann. § 2905.34 (Supp. 1972), now Ohio Rev. Code Ann. § 2907.01 (1975).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, when tested by that constitutional standard, § 2905.34, is unconstitutionally overbroad and therefore facially invalid. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), suppression of any materials whatever on

the basis of the definition of obscenity in § 2905.34 is, in my view, impermissible. Because the judgment of the District Court was rendered after *Miller*, I would reverse.