**UNITED STATES of America**

v.

**William DAVIS, et al.**

**Civ. A. No. 90–0484 P.**

United States District Court,
D. Rhode Island.

Jan. 14, 1992.

---

Michele M. Giuliani, Brian E. Burke, Alex A. Beehler, Richard B. Stewart, U.S. Dept. of Justice, Environmental Enforcement Section, Patricia Winfrey, Patricia Sims, U.S. EPA Office of Enforcement, Washing-

---

ton, D.C., Julie Taylor, U.S. EPA Office of Regional Counsel, Boston, Mass., E.C. Sammartino, U.S. Attorney's Office, Providence, R.I., Daniel C. Beckhard, Environmental Enforcement Section, Environment and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff U.S.

Meredith H. Savitt, Samuel D. Rosen, William R. Landry, Steven W. Raffa, Blish & Cavanagh, Milgrim, Thomajan & Lee, P.C., New York City, for defendant Clairol.

Peter DiBiase, John A. MacFayden, III, Thomas C. Angelone, Steven I. Rosenbaum, Charles P. Cavas, Hodosh, Spinella & Angelone, Providence, R.I., for defendants A. Capuano Bros., United Sanitation.

Thomas C. Plunkett, Kiernan, Plunkett & Woodbine, Providence, R.I., for defendants William Davis, Eleanor Davis.

Deming E. Sherman, Edwards & Angell, Providence, R.I., for defendant Providence Journal.

Benjamin V. White, III, Vetter & White, Inc., Providence, R.I., for defendants Ciba–Geigy Corp., Pfizer, Inc.

R. Bradford Fawley, Mary Adamowicz, H. Kennedy Hudner, David Platt, Murtha, Cullina, Richter & Pinney, Hartford, Conn., S. Paul Ryan, East Providence, R.I., for defendant United Technology Corp. (UTC).

Roxanne E. Jayne, William L. Warren, Cohen, Shapiro, Polisher, Shiekman, and Cohen, Lawrenceville, N.J., for defendant Pfizer, Inc.

D. Seth Jaffe, Robert S. Sanoff, Joseph D. Halpern, Foley, Hoag & Eliot, Boston, Mass., for defendant Ciba–Geigy.

Fausto C. Anguilla, Sean O. Coffey, Licht & Semonoff, Providence, R.I., for third party defendant Russell–Stanley.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Plaintiff, the United States of America, objects to and appeals from the Magistrate's November 18, 1991 Order requiring the United States to provide the Court and the defendants with a log of documents in the possession of the Subcommittee on Oversight and Investigations, Committee on Energy and Commerce, United States House of Representatives. This Court agrees with plaintiff's objections to the pertinent Order; that Order is hereby vacated.

## BACKGROUND

The United States Department of Justice ("DOJ") initiated this action in September 1990 on behalf of the United States Environmental Protection Agency ("EPA"). Pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, the United States seeks to recover money expended at the Davis Liquid Superfund Site in Smithfield, Rhode Island. Defendants requesting documents in this action were all sued as alleged generators of hazardous substances disposed at the Davis Site.

The generator defendants deposed Mr. William Carracino, the former principal with a hazardous waste transport company. Mr. Carracino testified that he had previously provided documents to the Subcommittee on Oversight and Investigations, Committee on Energy and Commerce, United States House of Representatives ("Subcommittee"). Attorneys for both Mr. Carracino and DOJ have contacted the Subcommittee in an effort to obtain these documents. The Subcommittee has declined to provide the requested documents on the ground that the documents are privileged under the Speech and Debate Clause of the United States Constitution.[1]

The generator defendants requested that the Court order plaintiff to provide the Court and the parties a log of all documents "in the possession, custody, or control of the United States Congress (other than documents prepared by the Congress in the course of its deliberative processes) which relate to any waste handling, storage, transportation, or disposal operations conducted by William Carracino, Chemical

---

1. The Court expresses no opinion on the validity of this reliance on the Speech and Debate Clause. The issue will not be ripe for litigation unless a subpoena is issued to the Subcommittee and the Subcommittee formally invokes the privilege.

Control Corporation, William Davis, or which otherwise involves the Davis Site." Generator Defendants' Supplemental Motion to Compel, signed by Magistrate Boudewyns, November 18, 1991. The Magistrate also orally ruled that to comply with the order, the DOJ would be required, if necessary, to make application for a subpoena to the appropriate person or entity within the United States Congress.

DISCUSSION

Rule 34 of the Federal Rules of Civil Procedure controls discovery in federal cases. Rule 34 provides that any party may serve a request for documents on any other party as long as the documents are in the "possession, custody, or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a)(1). Quite simply, the documents, and therefore the log of such documents, are not in the possession, custody, or control of the DOJ or the EPA.

Generator defendants apparently perceive the plaintiff, the United States, in very broad terms. In this instance, the Department of Justice and the EPA are the executive agencies involved. Generator defendants want information from a subcommittee of the House of Representatives. This is not a question of a different executive agency; this in fact is an entirely separate branch of the federal government.

The three branches of the United States government function as separate and distinct entities. While it is true that the branches are not hermetically sealed, there must be a certain amount of independence between the three. *See generally, INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983); *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). With this in mind, the magistrate's order must be vacated.

There is little, if any, case law to guide the Court. The two cases cited by the generator defendants, *United States v. National Broadcasting Co., Inc.*, 65 F.R.D. 415 (C.D.Cal.1974), *appeal dismissed*, 421 U.S. 940, 95 S.Ct. 1668, 44 L.Ed.2d 97 (1975) and *United States v. Deutsch*, 475 F.2d 55 (5th Cir.1973), cannot show the way. Each case concerned compelling the

DOJ to produce documents held in the executive branch of the United States government. *National Broadcasting* involved documents located in the executive office of the President. In *Deutsch*, the Fifth Circuit chastised the government for attempting to departmentalize the Department of Justice itself. Our present situation, involving the legislative branch and an unresolved claim of privilege, is much different.

Although the Court expresses no opinion on the validity of the Speech and Debate Clause privilege here, a brief examination of the privilege helps dispose of this matter.

> While it is true that the primary purpose of the Clause involves precluding direct hardship to the legislative branch or any of its members, a broader purpose is also served. Separation of Powers principles dictate that, once it is determined that Congress or any of its members have acted within the legitimate legislative sphere, neither the Executive Branch nor the Judiciary shall interfere with legislative discretion.

*United States v. Peoples Temple of the Disciples of Christ*, 515 F.Supp. 246, 248 (D.C.D.C.1981). *See also Eastland v. United States Serviceman's Fund*, 421 U.S. 491, 503, 95 S.Ct. 1813, 1821, 44 L.Ed.2d 324 (1975).

The existence of the Speech and Debate Clause itself indicates the separate identity Congress has under the Constitution. No executive agency could claim such a privilege. In our case, neither the DOJ nor the EPA could advance Speech and Debate as a privilege, and yet the generator defendants feel that the Subcommittee and the plaintiff are one and the same. This Court cannot agree.

This is not to imply that if the generator defendants sought to subpoena the documents directly from the Subcommittee itself that the alleged Speech and Debate privilege would be upheld. The Court suggests that the generator defendants attempt to obtain these documents under Fed.R.Civ.P. 45(b). Rule 45(b) controls the issuance of subpoenas for the production of

documentary evidence in the possession of a third party.[2] A court could quash such a subpoena as unreasonable or oppressive under Rule 45(b)(1). That battle, however, is incidental to the present decision.

The November 18, 1991 Order of the Magistrate is reversed.

SO ORDERED.

---

**2.** It should go without saying that if the generator defendants pursue this avenue, the government cannot oppose the motion on the ground that the Subcommittee, as a part of the United States government, is not a third party.